UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTH GRANDE VIEW DEVELOPMENT COMPANY, INC., | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | }<br>} |
| | } Case No.: 2:13-cv-02183-MHH |
| THE CITY OF ALABASTER, | }<br>} |
| Defendant. | }<br>}<br>} |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff South Grande View Development Company, Inc. owned approximately 130 acres of land in the City of Alabaster and planned to build garden and town homes on the property. In December 2011, the City of Alabaster adopted two ordinances that rezoned the property. South Grande View contends that the rezoning diminished the value of the company's property and adversely affected contracts the company had entered with developers.

South Grande View alleges that the City's actions constitute an unlawful taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 1, p. 4). South Grande View also claims that the City violated South Grande View's rights to procedural due

process when the City failed to adequately and properly notify South Grande View of the adoption of the ordinances. (Doc. 1, p. 6).[1]

This opinion concerns the City's motion for summary judgment on South Grande View's procedural due process claim. For the reasons discussed below, the Court grants the motion.

I.  **SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). When considering a summary judgment motion, a court must view the evidence in the record in the light most favorable to the non-moving party and must draw reasonable inferences in favor of the non-moving party. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

---

[1] South Grande View's complaint also contained a claim for denial of substantive due process. On November 20, 2014, the Court dismissed South Grande View's substantive due process claim for failure to state a claim. (Doc. 21).

2

## II.   FACTUAL BACKGROUND

South Grande View owned roughly 130 acres of land in the City of Alabaster. (Doc. 1, ¶ 5). The acreage was zoned for patio/garden home and town home development and was part of a planned residential community called "Grande View Estates." (Doc. 1, ¶ 5). On December 5, 2011, the Alabaster City Council unanimously adopted ordinances 11-Z04 and 11-Z05. (Doc. 24-2, pp. 2-3). The ordinances rezoned South Grande View's property in Grande View Estates to "R-2," a single-family residential classification. (Doc. 24-2, pp. 2-3).

South Grande View's owner Charles Givianpour attended the December 5, 2011 city council meeting at which the Council adopted the ordinances. Jack Harrison, counsel for South Grande View and Mr. Givianpour, also attended the meeting. (Doc. 24-2, pp. 2-3). According to the meeting minutes, Mr. Givianpour, Mr. Harrison, and Steve Brom of Alamerica Bank "spoke against said re-zoning stating a lot of money is invested in the overall project at Grande View Estates and they all would be adversely affected by a change in the density that is allowed, at this time, in its current zoning." (Doc. 24-2, pp. 2-3).

Ordinances 11-Z04 and 11-Z05 state that they "shall become effective upon passage and adopting by the City Council of Alabaster, Alabama, and posting or otherwise as required by law." (Doc. 24-3, pp. 2, 4). On December 6, 2011, the City posted notice of the adoption of ordinances 11-Z04 and 11-Z05 at three locations in Alabaster: (1) Alabaster City Hall; (2) the Alabaster Water Board; and (3) the Alfred

L. Scott Library.  (Doc. 24-1, p. 15; Doc. 24-3, pp. 2-5).  On December 14, 2011, the City also published notice of the adoption of 11-Z04 and 11-Z05 in the Shelby County Reporter newspaper.  (Doc. 24-1, pp. 10, 15-16; Doc. 24-4, pp. 2-3).  The City did not send a letter to South Grande View or Mr. Givianpour notifying South Grande View that the Alabaster City Council adopted the ordinances.  (Doc. 24-1, p. 10).[2]

On this record, the Court considers South Grande View's procedural due process claim.

## III. DISCUSSION

"[A]t a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950)).  The notice must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane*, 339 U.S. at 315.  "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Grayden*, 345 F.3d at 1232 (citing *Cryder v. Oxendine,* 24 F.3d 175, 177 (11th Cir. 1994)).

---

[2] The parties dispute other facts regarding how the rezoning financially impacted South Grande View and its ability to develop the property.  (*Compare* Doc. 26, pp. 2-3 *with* Doc. 27, pp. 2-4).  These disputes of fact are not material to the City's summary judgment motion regarding South Grande View's procedural due process claim.

The record demonstrates that South Grande View was apprised of the pendency of the proposed ordinances, and South Grande View had an opportunity to object to the ordinances. South Grande View's owner and its attorney attended the December 5, 2011 city council meeting at which the Alabaster City Council discussed the proposed ordinances. Mr. Givianpour and Mr. Harrison stated their opposition to the ordinances and witnessed the city council's vote. *See* p. 3, *supra*. Therefore, South Grande View was afforded adequate procedural due process.

South Grande View's procedural due process claim rests on the company's theory that the City of Alabaster should have given actual notice by mail of the adoption of the ordinances after the city council adopted them; however, the company concedes that neither the Alabama Supreme Court nor the Eleventh Circuit has held that due process requires actual notice of the adoption and effective date of municipal zoning ordinances. (Doc. 26, pp. 13-15). Alabama Code § 11-45-8 does not require a municipality to provide actual notice to any party regarding the adopting of zoning ordinances, and the City complied with the statutory publication requirements.[3]

---

[3] Alabama Code Section 11-45-8 provides:

> All ordinances of a general or permanent nature . . . shall be published in some newspaper of general circulation published in the municipality, but if no such newspaper is published in the municipality such ordinances may be published by posting a copy of the ordinance in three public places within the municipality, one of which shall be at the mayor's office in the city or town. In the event there is no newspaper published in the municipality and there is a newspaper published in the county in which the municipality is located having general circulation in the municipality, at the option of the governing body of such municipality the ordinance may be published in that newspaper. . . .

Therefore, as a matter of law, the City did not violate South Grande View's due process rights. *See Sanders v. Henry Cnty., Ga.*, 484 Fed. Appx. 395, 398 (11th Cir. 2012) (holding that a landowner's due process rights were not violated because the county "did not have a duty under the zoning ordinance in effect at the time to ensure that [the landowner] received actual notice").[4]

Because South Grande View had actual notice of proposed ordinances 11-Z04 and 11-Z05 and an opportunity to object to the city council's adoption of them, and because the City of Alabaster complied with all statutory requirements for publication of the ordinances after the city council adopted them, the City of Alabaster is entitled to judgment as a matter of law on South Grande View's procedural due process claim.

---

Ala. Code § 11-45-8(b)(1).

There is no dispute that the City complied with § 11-45-8 when it published ordinances 11-Z04 and 11-Z05 in the Shelby County Reporter and posted the ordinances in three public places within the city. Section 11-45-8 does not require a municipality to send individual notice to landowners of property subject to rezoning ordinances, and South Grande View's contention that due process requires such notice is misplaced.

[4] The cases upon which South Grande View relies to support its argument that the City was required to give actual notice by mail of the adoption of the ordinances after the fact are not persuasive because the purpose of due process is to guarantee that property owners who will be affected by a governmental body's decision receive notice of the pending action and an opportunity to be heard prior to the decision. South Grande View had notice and an opportunity to be heard before the City Council passed the ordinances, and due process does not require more. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) (holding that mortgagee of real property must receive actual notice by mail or other means *before* initiation of a tax sale proceeding) (emphasis added); *Schroeder v. City of New York*, 371 U.S. 208, 212-13 (1962) (city failed to provide constitutionally adequate notice to property owner *prior to* condemnation proceedings) (emphasis added); *Walker v. City of Hutchinson*, 352 U.S. 112, 116 (1956) (city violated landowner's due process rights by failing to provide direct notice *prior to* condemnation proceedings) (emphasis added); *Harris v. Cnty. of Riverside*, 904 F.2d 497, 504-05 (9th Cir. 1990) (county violated land owner's due process rights when it failed to provide individual notice *before rezoning* the property) (emphasis added).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the City of Alabaster's motion for summary judgment. The Court enters judgment as a matter of law in favor of the City on South Grande View's procedural due process claim.

Because the Court finds that there is no just reason for delay, the Court directs entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) on South Grande View's procedural due process claim.

**On or before March 15, 2016**, the parties shall please confer and file a proposed amended scheduling order regarding the remaining claim to this action.

**DONE** and **ORDERED** this March 1, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE