IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTH GRANDE VIEW **DEVELOPMENT COMPANY, INC.,** * * * **Plaintiff,** * * **vs.** * * **THE CITY OF ALABASTER,** * * **Defendant.** * | CIVIL ACTION NUMBER: 2:13-CV-02183-MHH |

## ORDER

On December 5, 2011, the City of Alabaster re-zoned approximately 142 acres of land that plaintiff South Grande View Development Company, Inc. owned and had planned to develop. SGV has asserts a claim against Alabaster under the Fifth Amendment of the U.S. Constitution for a regulatory taking. On November 22, 2017, the Court conducted a pretrial hearing to examine a number of evidentiary issues and to discuss the possibility of bifurcating the trial of liability and damages issues. The Court issues this order to address various issues that arose during the pretrial hearing.

The Takings Clause of the Fifth Amendment states that "private property shall not be taken for public use, without just compensation." U.S. Const. amend. V. A taking may occur when a city "exercises its police power through regulation which restricts the use of property." *A. A. Profiles v. City of Fort Lauderdale*, 850

F.2d 1483, 1486 (11th Cir. 1988) (citations to Supreme Court precedent noted but omitted from this opinion).[1] "[I]f a regulatory undertaking is confiscatory in nature, it is a taking." *Wheeler v. City of Pleasant Grove,* 664 F.2d 99, 100 (5th Cir. Unit B Dec.1981), *cert. denied,* 456 U.S. 973 (1982).

In determining whether a taking has occurred, the factfinder may consider evidence relating to the reason for the regulatory action. *See*, *e.g.*, *Wheeler*, 664 F.2d at 100 ("Further, the city's purpose in enacting the measure was not rational. A developer has its right to be free of arbitrary or irrational zoning standards. Additionally, if a zoning ordinance is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare, it must be struck down.") (citations and internal quotation marks omitted); *see generally A. A. Profiles*, 850 F.2d at 1488. Therefore, subject to specific objections, SGV may present evidence that may demonstrate that the City's decision to rezone the property at issue was arbitrary. Subject to specific objections, the City may introduce evidence to contradict evidence that SGV may offer.

"The goal of the Fifth Amendment's just compensation requirement is to return the affected property owner to 'as good position pecuniarily as he would have occupied if his property had not been taken.'" *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 583 (11th Cir. 2001) (quoting *United States v. Miller*, 317 U.S. 369, 373 (1943)). "Any inquiry into just compensation must be

---

[1] The Fifth Amendment applies to the states through the Fourteenth Amendment.

controlled by principles of equity and fairness to both the property owner and the government." *Id.* (citing *Bauman v. Ross*, 167 U.S. 548, 570 (1897)).

"The burden at trial of establishing the amount of just compensation for a taking is on the landowner." *United States v. An Easement & Right-of-way Over 6.09 Acres of Land, More or Less, in Madison Cty., Alabama*, 140 F. Supp. 3d 1218, 1231–32 (N.D. Ala. 2015) (citing *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty., State of Tex.*, 680 F.2d 388, 394 (5th Cir.1982); *United States v. Smith*, 355 F.2d 807, 809 (5th Cir.1966)).

"The starting point for any inquiry into damages in a takings cases is to query '[w]hat has the owner lost?'" *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 583 (11th Cir. 2001) (quoting *Boston Chamber of Commerce v. Boston*, 217 U.S. 189, 195 (1910)). "The district court must limit its inquiry, however, to the value of the property as of the day of the taking"; the plaintiff's "precarious financial state and the later foreclosure are relevant only to the extent that they could have affected the property's market value." 253 F.3d at 585. Therefore, the City may introduce evidence concerning encumbrances on the property at issue only for purposes of assessing the property's market value at the time of a taking if SGV carries its burden of proving that a taking occurred.

"[T]here are no absolute standards outside of the requirement that the compensation paid for a taking be 'just,'" but "courts have established some working rules to guide the inquiry. In cases where government regulation has

3

permanently rendered property worthless, courts have generally adopted the 'market value' test, which provides that the measure of just compensation is the market value of the property at the time of the taking." 253 F.3d at 583. "Market value is generally determined from what a willing buyer would pay in cash to a willing seller." 253 F.3d at 583 (internal marks omitted). "In determining the reduction in the market value of the parcel, the court must consider any aspect of the property that could have affected the amount a reasonable buyer would be willing to pay." *Id.* at 585 (citing *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 474 (1973)).

"A long line of precedent establishes a general rule in this circuit that 'an owner of property is competent to testify regarding its value.'" 140 F. Supp. 3d at 1239 (quoting *Neff v. Kehoe*, 708 F.2d 639, 644 (11th Cir.1983)) (collecting cases). "The owner is generally presumed to be qualified to give such an opinion based on 'his ownership alone.'" *Id.* (quoting *Berkshire Mut. Ins. Co. v. Moffett*, 378 F.2d 1007, 1011 (5th Cir.1967)) (collecting cases). "In fact, the Eleventh Circuit has gone so far as to suggest that a witness's opinion of value of his personal property is generally admissible even if 'self-serving and unsupported by other evidence.'" *Id.* at 1239–40 (quoting *Neff*, 708 F.2d at 644); *id.* at 1239 (citing *United States v. 329.73 Acres of Land, Situated in Grenada & Yalobusha Ctys., State of Miss.*, 666 F.2d 281, 284 (5th Cir. 1982), *on reh'g*, 704 F.2d 800 (5th Cir. 1983) ("[O]pinion testimony of a landowner as to the value of his land is admissible without further

qualification. Such testimony is admitted because of the presumption of special knowledge that arises out of ownership of the land."). The Eleventh Circuit "has rejected arguments contesting the admissibility of an owner's testimony on the value of his property on the ground that it lacks a sound basis, concluding that such matters go only to the weight of the testimony and thus are to be challenged through cross-examination and refuting evidence." *Id.* at 1240 (citing *Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1469 (11th Cir.1989)); *see Neff*, 708 F.2d at 943 (holding that district court should allow property owner to provide lay opinion about value of property where lay opinion was based on publications concerning the property, appraisals of the property, and the property owner's experience regarding the property).

"Deviating from the market value test is appropriate where the property's market value is too difficult to determine or when applying the test would 'result in manifest injustice to [the] owner or public....'" 253 F.3d at 583 n. 8 (quoting *United States v. Commodities Trading Corp.,* 339 U.S. 121, 123 (1950)); *see also United States v. 480.00 Acres of Land,* 557 F.3d 1297, 1307 (11th Cir. 2009) ("In some cases strict adherence to market value and comparable sales will result in manifest injustice to the owner or to the public, and courts must apply special rules and standards to arrive at "just" compensation."). Thus, if SGV is able to establish a taking, and if SGV has difficulty establishing a market value calculation, then SGV may establish an alternative measure of damages that would return SGV to as

good a position pecuniarily as SGV would have occupied if its property had not been taken. For instance, SGV potentially could recover the cost of preparing the property at issue for R-4 lots.

**DONE** and **ORDERED** this November 22, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE